IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 93-0163-WS-C |
| ) | |
| ADRIAN RICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's Motion for Correction of Illegal Sentence (doc. 238).

On February 14, 2012, this Court entered an Order (doc. 237) granting defendant Adrian Rice's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), and reducing his sentence from 420 months to 364 months in accordance with Amendment 750. Rice now files what he styles as a Rule 35 Motion. Under that rule, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error." Rule 35(a), Fed.R.Crim.P. Rice's theory is that the February 14 Order modifying his sentence is illegal because the statutory maximum sentence was no more than 20 years. According to Rice, the sentencing judge erred back in December 1993 in finding a drug quantity of 1.5 kilograms of crack cocaine, thereby subjecting Rice to a statutory maximum sentence of life under 21 U.S.C. § 841(b)(1)(A), when the jury made no drug quantity finding and the indictment did not allege a specific amount.

Defendant is correct that Rule 35(a) is applicable after a sentence modification pursuant to § 3582(c)(2). *See United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010) ("We conclude the strictures of Rule 35 apply both after the plenary initial sentencing and the more truncated § 3582 sentencing proceeding.").[1] Nonetheless, Rice's Motion is unfounded because

---

[1] He is not correct, however, in asserting that Rule 35 is available "to permit correction at any time of an illegal sentence." (Doc. 238, at 2.) The text of Rule 35 underwent significant, material revisions postdating the authorities cited by Rice for this proposition, such that those authorities do not contain valid descriptions of the present Rule 35's scope or meaning.

he is not complaining about anything the Court did or did not do in granting his initial § 3582(c)(2) motion.  After all, the February 14 Order sliced 56 months off his sentence pursuant to the recent crack amendment.  Rice does not suggest that the Court improperly applied Amendment 750 or miscalculated Amendment 750's effect on his guideline range.  Instead, he ascribes error to the original sentencing court's determination – more than 18 years ago – that he faced a statutory maximum sentence of life, rather than 20 years, based on judicial findings concerning the drug quantity for which Rice was accountable.  Rice presents a classic formulation of argument under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which was decided years after Rice's conviction and sentence became final.

As Rice is well aware (because this Court has so informed him), a § 3582(c)(2) motion is not a *de novo* resentencing at which all original sentencing decisions may be revisited and decided anew.  *See, e.g., Phillips*, 597 F.3d at 1198 ("a § 3582(c)(2) proceeding is not a plenary or *de novo* sentencing"); *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) ("a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment"); U.S.S.G. § 1B1.10(b)(1) ("the court shall substitute only [Amendment 750] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected").  Had Rice argued in his § 3582(c)(2) motion that the sentencing judge applied the wrong statutory maximum by making drug quantity findings at sentencing, this Court would have rejected such an argument out of hand for lack of jurisdiction.  As demonstrated by the foregoing authorities, such contentions simply are not cognizable within the extremely limited parameters of § 3582(c)(2) modification.  *See generally United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("Over the years, we have often stressed the limited nature of section 3582(c)(2) proceedings.").  The *Apprendi* argument that Rice advances now would have failed, as a matter of law, if presented as a § 3582(c)(2) motion.  *See, e.g., United States v. Deglace*, 2009 WL 3854097, *2 (11th Cir. Nov. 19, 2009) (defendant's "argument that he was entitled to relief based on *Apprendi* lacks merit because *Apprendi* is not a retroactive guideline amendment and, thus, did not provide a basis for a sentence reduction under § 3582(c)(2)"); *United States v. Washington*, 2009 WL 2196935, *1 (11th Cir. July 24, 2009) ("the court did not err by not applying *Apprendi* in resentencing Washington because such a consideration was outside the scope of his § 3582(c)(2) proceeding"); *United States v. White*, 2009 WL 105737, *2 (11th Cir.

Jan. 16, 2009) ("a § 3582(c)(2) motion is not the proper avenue through which to raise issues arising from the Supreme Court's decision in *Apprendi* …, as such a claim does not involve an amendment made retroactive").

Simply put, it would have been improper for Rice to raise such an argument in his § 3582(c)(2) motion, and error for this Court to grant further § 3582(c)(2) relief to him on that basis. As such, there can be no Rule 35 "clear error" in the undersigned's modification of Rice's sentence without accounting for such an improper argument (which Rice did not raise prior to the February 14 Order, anyway). Stated differently, a defendant cannot use a Rule 35 motion after entry of the § 3582(c)(2) order as a means of circumventing the narrowly circumscribed nature of the § 3582(c)(2) framework by collaterally attacking aspects of the sentencing decision that were <u>not</u> affected by the intervening retroactive guidelines amendment. Rice endeavors to do just that.

What Rice is attempting under the guise of Rule 35(a) is to file a *de facto* second or successive § 2255 petition alleging *Apprendi* error because, he claims, the drug quantity subjecting him to a statutory maximum sentence of life was not charged in his indictment or found by a jury. The time for Rice to file a § 2255 petition has long expired, and his previous § 2255 petition was denied long ago. This Court will not reward his efforts to subvert the clear terms of AEDPA under the auspices of Rule 35.[2]

For all of these reasons, defendant Motion for Correction of Illegal Sentence (doc. 238) is **denied** as frivolous. Insofar as Rice might wish to appeal this ruling *in forma pauperis*, any request for IFP status is likewise **denied**.

DONE and ORDERED this 6th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Besides, the law in this Circuit is quite clear that *Apprendi* does not apply retroactively to cases on collateral review. *See, e.g., McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) ("we hold that the new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review"). So in addition to misusing Rule 35, disregarding the narrow scope of § 3582(c)(2) proceedings, and flouting AEDPA's temporal and second/successive limits on § 2255 petitions, Rice's Motion also fails because he seeks to avail himself of a non-retroactive legal principle decided well after his conviction became final.