**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 93-0163-WS** |
| | ) | |
| **ADRIAN RENARD RICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on defendant's Motion for Reconsideration and/or Clarification (doc. 245).

The following procedural history is established in the court file: After a jury trial in September 1993, defendant Adrian Renard Rice was convicted of three controlled substances offenses, two for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841, and the third for conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. At the ensuing sentencing hearing, Judge Vollmer found that the total amount of crack cocaine attributable to Rice was at least 1.5 kilograms, producing a base offense level of 38, with a two-level firearm enhancement. As such, Judge Vollmer calculated Rice's total offense level as 40. Importantly, the sentencing judge made a specific, unambiguous finding that Rice qualified as a career criminal under U.S.S.G. § 4B1.1, and therefore placed him in the criminal history category of VI (higher than Rice would have been otherwise). For offense level purposes, Judge Vollmer sentenced Rice using the drug quantity table of U.S.S.G. § 2D1.1, rather than the career offender guideline at U.S.S.G. § 4B1.1, because the former produced a higher offense level. Nonetheless, the career offender determination was plainly made at sentencing. Facing a guideline range of 360 months to life, Rice received a midrange sentence of 420 months.

Between 2008 and today, the United States Sentencing Commission has retroactively lowered the guideline range for certain drug offenses on three separate occasions. Rice has filed motions pursuant to 18 U.S.C. § 3582(c)(2) on each occasion to avail himself of the new guidelines. The first time, this Court entered an Order (doc. 200) denying Rice's § 3582 motion

because even with a two-level reduction in his base offense level pursuant to Amendment 706, his guideline range remained unchanged at 360 months to life; therefore, he was not entitled to sentencing relief. The second time, this Court entered an Order (docs. 236 & 237) on February 14, 2012, granting Rice's § 3582(c)(2) motion relating to Amendment 750. The February 14 Order concluded that Amendment 750 reduced Rice's base offense level (as calculated by reference to the drug quantity table in § 2D1.1 from 36 to 34. After factoring in a two-level firearm enhancement and applying the criminal history category of VI, the undersigned found Rice's amended guideline range to be 324 to 405 months, and imposed a comparable mid-range sentence of 364 months.

In hindsight, the February 14 Order contained an error, one that inured to Rice's benefit and that originally went unnoticed by the U.S. Probation Office, the U.S. Attorney's Office, and this Court. As noted, Judge Vollmer made an express finding at sentencing that Rice was a career offender within the meaning of § 4B1.1; therefore, because his offense statutory maximum was life, Rice was subject to the § 4B1.1 career offender offense level of 37, if that level was higher than the one otherwise applicable. *See* U.S.S.G. § 4B1.1(b) ("if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply"). At the time of Rice's original sentencing, his "otherwise applicable" offense level was 38, computed by adding the base offense level of 36 (drawn from the drug quantity table at § 2D1.1) and the two-level firearm enhancement. Thus, the § 4B1.1 career offender level of 37 was not used to compute Rice's original sentence because it was <u>lower</u> than the "otherwise applicable" offense level. By the time of the February 14 Order, however, Rice's "otherwise applicable" offense level had dropped to 36 (*i.e.*, § 2D1.1 base offense level of 34, plus 2 levels for firearm). Therefore, the February 14 Order should have calculated Rice's new offense level at 37 (not 36), such offense level now being driven by the binding constraint of § 4B1.1's career offender provisions. With a total offense level of 37 and a criminal history category of VI, Rice's "new" guideline range would have been 360 months to life, the same as his "old" guideline range, such that his § 3582(c)(2) motion should have been denied because the operative guideline range was unchanged. Again, this mistake went unnoticed until now.

Effective November 1, 2014, Amendment 782 retroactively lowered the base offense levels assigned to particular drug quantities. On November 3, 2014, Rice filed another §

3582(c)(2) motion (doc. 242) seeking to avail himself of this 2014 Drug Guidelines Amendment. In Rice's view, the effect of this Amendment was to reduce his base offense level to a 32, for a total offense level of 34, a criminal history category of VI and a new guideline range of 262 to 327 months. On November 12, 2014, the Court entered an Order denying Rice's motion for the stated reason that Amendment 782 "did not alter the career offender guidelines or adjust the base offense level associated with career offender status. Because Rice's base offense level as calculated under section 2D1.1 using Amendment 782 would be lower than his base offense level under section 4B1.1, that career offender guideline now fixes his base offense level. See U.S.S.G. 4B1.1(b). Stated differently, Amendment 782 cannot lower Rice's base offense level below that applicable to him as a career offender pursuant to U.S.S.G. 4B1.1." (Doc. 244.)

Rice now moves for reconsideration of the November 12 Order. As grounds for reconsideration, Rice attempts to exploit the error in the previous Order of February 14, 2012. In particular, Rice maintains that the omission of § 4B1.1 considerations in the February 14 Order has become the "law of the case" and is a binding factual determination on this Court that § 4B1.1 is inapplicable. Rice is wrong. Nothing this Court did in granting Rice's previous § 3582(c)(2) could or did erase Judge Vollmer's original sentencing determination that Rice was a career offender under U.S.S.G. § 4B1.1. The law is absolutely clear on this point. *See, e.g., United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (in deciding a § 3582(c)(2) motion based on a guideline range that has been retroactively amended, "a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment"); U.S.S.G. § 1B1.10(b)(1) (in reducing a defendant's term of imprisonment under § 3582(c)(2), "the court shall substitute only the [new retroactive amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced ***and shall leave all other guideline application decisions unaffected***") (emphasis added).

Contrary to Rice's suggestion, the February 14 Order did not and legally could not overturn the previous sentencing determination that Rice was a career offender under § 4B1.1. That "career offender" status remains applicable to (and binding upon) Rice to this day. That the February 14 Order inadvertently overlooked it may be a compelling argument for vacating that Order and reinstating Rice's original 420-month sentence; unsurprisingly, Rice is not requesting that remedy on reconsideration. Having already received a 56-month sentencing break (from 420 months to 364 months) as a result of the mistake in processing his § 3582 motion filed in

connection with Amendment 750, Rice cannot exploit it a second time to accrue further reductions. To the contrary, if he presses his luck, he may succeed only in obtaining vacatur of the February 14 Order and re-imposition of the original, higher sentence.

The fundamental point is both simple and inescapable. Rice was designated a § 4B1.1 "career offender" at the time of his original sentencing. A subsequent lowering of the § 2D1.1 base offense level via Amendment 782 that drops his "otherwise applicable" offense level below the career offender level of 37 cannot benefit Rice, because § 4B1.1(b) makes plain that the career offender level trumps in that scenario. That is to say, the 2014 Guidelines Amendment did not lower Rice's offense level, which is now fixed by reference to the career offender guideline of § 4B1.1, not the drug quantity table of § 2D1.1. For that reason, Rice is ineligible for sentencing relief (whether in the form of a two-level reduction or a resentencing to the low end rather than the midrange of his applicable guideline range) under Amendment 782. *See United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."); *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012) (where defendant's total offense level and guideline range "were based on § 4B1.1, not § 2D1.1, because he was a career offender," subsequent reduction in base offense levels in § 2D1.1, but not § 4B1.1, "did not alter the sentencing range upon which Lawson's sentence was based, and § 3582(c)(2) does not authorize a reduction in sentence") (citation and internal marks omitted).

For all of the foregoing reasons, the Motion for Reconsideration and/or Clarification (doc. 245) is **DENIED**.


DONE and ORDERED this 12th day of December, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE